# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** | **Bankruptcy Case** |
| **OSCAR E. GARCIA and HODELIA GARCIA,** | **No. 10-40937-JDP** |
| **Debtors.** | |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

    Kent David Jensen, Burley, Idaho, Attorney for Angel and Edith Garcia.

    William R. Hollifield, Twin Falls, Idaho, Attorney for Chapter 7 Trustee, Gary L. Rainsdon.

### *Introduction*

In the latest episode of their continuing dispute with the chapter 7[1] trustee, Angel and Edith Garcia filed an amended motion to compel the

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 1

abandonment of a house located in Gooding, Idaho. Dkt. No. 88. The trustee, Gary Rainsdon ("Trustee"), opposes the motion. The Court conducted a hearing concerning the motion over several dates following intermittent attempts to settle the matter. Following the hearing on September 15, 2014, the Court took the motion under advisement. This Memorandum constitutes the Court's findings and conclusions, and disposes of the motion. Fed. R. Bankr. P. 7052; 9014.

*Facts*[2]

Debtors Oscar E. Garcia and Hodelia Garcia ("Debtors") formerly owned a house located at 114 Oregon Street, in Gooding, Idaho ("the Property"). For a time, Debtors lived at the Property, paid the mortgage payments to Zion's Bank, paid the real property taxes due, and maintained an insurance policy on the Property.

Debtor Oscar Garcia and Angel Garcia are brothers. On June 20, 1998, Debtors entered into a Rent to Own Agreement ("Agreement")

---

[2] The facts are largely taken from the Court's January 9, 2012, Memorandum Decision in a related adversary proceeding, Adv. Proc. No. 11-8016-JDP ("Adv. Dkt."), No. 33.

MEMORANDUM OF DECISION – 2

concerning the Property with Angel and his spouse, Edith.[3] The Agreement permitted Angel and Edith to live on the Property in exchange for making the monthly mortgage payments directly to Debtors' lender, Zions Bank. Angel and Edith were also obliged to pay the real estate taxes, insurance, and utilities on the house. The Agreement provided that once the mortgage was paid off, Debtors would give Angel and Edith a deed to the Property. Angel and Edith dutifully performed as agreed,[4] and in October 2009, the loan to Zions Bank was paid in full. Debtors belatedly executed a deed in favor of Angel and Edith on April 6, 2010.

Unfortunately for Angel and Edith, on May 27, 2010, Debtors filed a chapter 7 bankruptcy petition. Dkt. No. 1. Aware that Debtors had recently deeded the Property to them, Trustee commenced an adversary proceeding against Angel and Edith on February 17, 2011, seeking to avoid

---

[3] The Court refers to the Garcias by their first names solely for clarity. No disrespect is intended.

[4] On October 18, 2008, another document entitled "Contract" was executed by the parties somewhat modifying Angel and Edith's obligations. Its exact terms are immaterial to this decision.

MEMORANDUM OF DECISION – 3

the transfer to them as a § 547(b) preference. Eventually, after a trial, the Court entered a Memorandum Decision in the adversary proceeding in which it held that Trustee had proven all of the required elements of a preference, and that, pursuant to § 550(a), he was entitled to avoid and recover Debtors' transfer via the deed of *legal* title to the Property for the benefit of the estate. Adv. Dkt. No. 33. However, the decision declined to determine the status of any interest in the Property that Angel and Edith might retain after the deed transfer was avoided.[5]

Almost two years after the Court's decision avoiding the transfer of the legal title to the Property, this contest is again back before the Court. To resolve an apparent stalemate between the parties, Angel and Edith have now asked the Court to deem the Property abandoned, and Trustee objects.[6]

---

[5] In its decision, the Court declined to express any opinion "regarding whether, after avoidance of the transfer of legal title, [Angel and Edith] retain[ed] some sort of unavoidable equitable interest in the Property." Memorandum of Decision, Adv. Dkt. No. 33 at 13 n.9.

[6] The Garcias' abandonment motion was filed, withdrawn, and re-filed, and the hearing on that motion continued several times, ostensibly in order to

MEMORANDUM OF DECISION – 4

*Analysis and Disposition*

Section 554(b) provides that "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  In other words, to obtain the abandonment of property from a bankruptcy estate, the moving party must show either that (1) the property is burdensome to the estate, or (2) the property is of inconsequential value and benefit to the estate. *Johnston v. Webster (In re Johnston)*, 49 F.3d 538, 540 (9th Cir. 1995); *Vu v. Kendall (In re Vu)*, 245 B.R. 644, 647 (9th Cir. BAP 2000); *In re Zaleha*, 94 IBCR 81, 81 (Bankr. D. Idaho 1994).  A bankruptcy court's order compelling the abandonment of property from the estate "is the exception, not the rule. Abandonment should only be compelled in order to help the creditors by assuring some benefit in the administration of each asset . . . .  Absent an attempt by the trustee to churn property worthless to the estate just to

---

allow the parties an opportunity to resolve the issues.  *See* Dkt. Nos. 70, 72, 73, 76, 79, 80, 83, 88, 90, 91, and 94.  The parties apparently can not settle this dispute.

MEMORANDUM OF DECISION – 5

increase fees, abandonment should rarely be ordered." *In re Vu*, 245 B.R. at 647 (quoting *Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.)*, 816 F.2d 238, 246 (6th Cir. 1987)).

Here, Angel and Edith argue that, despite the Court's order avoiding the transfer of the Property to them by Debtors, they continue to own *equitable* title to the Property. As a result, they contend that the Property is of inconsequential value to the bankruptcy estate, because that estate holds, and Trustee may sell, only the legal title to the Property, rendering that interest in the Property far less valuable to any potential buyer.

In this context, the Court looks to state law to determine the parties' relative rights regarding the Property. *Butner v. United States*, 440 U.S. 48, 55 (1979); *In re Aldape Telford Glazier, Inc.*, 410 B.R. 60, 64 (Bankr. D. Idaho 2009). Idaho case law provides:

> [w]here a purchaser under a contract for the sale of realty has performed or offered to perform his covenants at the date provided for a conveyance, equity considers the property as belonging to him as of that date, and that the owner is a mere holder of the legal title in trust for him.

MEMORANDUM OF DECISION – 6

*Donaldson v. Thousand Springs Power Co.*, 162 P. 334, 338 (Idaho 1916) (citing *In re Dwyer's Estate*, 159 Cal. 664, 115 P. 235 (Cal. 1911)).  Moreover,

> [w]here real estate is sold under a valid contract, the purchase money to be paid in part and the deed executed at a future day, the equitable title passes at once to the vendee, and equity treats the vendor as a trustee for the purchaser of the estate sold, and the purchaser as a trustee of the purchase money for the vendor, since equity treats things agreed to be done as done.  Where real estate is agreed to be conveyed by an executory contract of sale without reservation, the equitable title passes at once to the vendee; and where a party holding a contract of purchase has, by performance on his part, placed himself in a position to compel specific performance, he holds the equitable title.

*Donaldson*, 162 P. at 338 (internal citations omitted); *accord Scogings v. Andreason*, 418 P.2d 273, 277 (Idaho 1966).

Idaho law seems clear enough.  Under these facts, Angel and Edith correctly argue that they acquired an equitable interest in the Property as a result of the Agreement executed with Debtors back in June, 1998.  Under the Idaho case law, because they fully completed their obligations under that contract, at the time of Debtors' bankruptcy filing, Angel and Edith owned the equitable title to the Property, and had the right to the legal

MEMORANDUM OF DECISION – 7

title, or in the alternative, could have pursued an action for breach of contract against Debtors had it not been transferred to them via the deed. *See Memorandum Decision*, Adv. Dkt. No. 33 at 11.

Although Debtors deeded the Property to Angel and Edith prior to the bankruptcy, thereby transferring the legal title to the house to them, that transfer was subject to avoidance by Trustee under the powers granted him by § 547(b). In the avoidance action, the Court held that the Trustee proved the deed transfer was a preference under § 547(b), and thus Trustee was entitled to recover the interest transferred by Debtors, *i.e.*, the Property's legal title, pursuant to § 550(a). Adv. Dkt. No. 33 at 13.

Section 550(a) provides that to the extent a transfer is avoided, "the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property[.]" That the avoidable transfer may consist of something less than full ownership of the Property is contemplated by the language of § 547(b), which provides that the Trustee may avoid "any transfer of an interest of the debtor in property." Because, under Idaho law, equitable title had already vested in Angel and

MEMORANDUM OF DECISION – 8

Edith, the only interest remaining for Debtors to transfer to them in April 2010 was the legal title. Thus, it was only that interest which Trustee could avoid as a preference and recover under § 550(a) through the adversary proceeding. Simply put, after the avoidance, Angel and Edith retained their equitable interest in the Property.

Accordingly, for purposes of the abandonment motion now before the Court, the question is whether the legal title in the Property held by the bankruptcy estate as the result of the avoidance action is of inconsequential value and benefit to the estate, given that the equitable title is held by Angel and Edith. Because the estate holds only legal title, that is all Trustee can sell under § 363(b).[7] It is likely that the "bare legal title" to the Property would command substantially less in the marketplace than would ownership of the unencumbered title. By the

---

[7] Section 541(d) anticipates situations, though unlike this one, where, as of the commencement of a bankruptcy case, the debtor holds only legal title in property, but not the equitable interest. In such a case, the property "becomes property of the estate . . . only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."

MEMORANDUM OF DECISION – 9

same token, the Court can not assume the legal title to the Property, standing alone, is wholly worthless. Instead, the Court must decide the issues based upon evidence, not assumptions.

The Code does not define the terms "inconsequential value" and "inconsequential benefit." Because both elements are required in the absence of a showing that property is burdensome to the estate, clearly "benefit" and "value" are not synonymous. *See In re K.C. Mach. & Tool Co.*, 816 F.2d at 245. In connection with an abandonment motion, the parties must address "whether there is a reason that the estate's interest in the property should be preserved or, instead, whether the property is so worthless or burdensome to the estate that it should be removed therefrom." *Id*. at 246. Resolution of this question is, at heart, a factual determination about whether there is any "potential value" the estate may derive from administration of the property. *Yack v. Dacquisto (In re Yack)*, 2009 WL 7751419, at *7 (9th Cir. BAP Feb. 18, 2009).

Here, the Property consists of a small house and the lot on which it sits. It is presumably worth something, although the parties have given

MEMORANDUM OF DECISION – 10

the Court virtually no proof concerning its value. And while the bare legal title to the Property is likely worth less than absolute ownership of the Property, as it is their motion, Angel and Edith bear the burden of proving that the bankruptcy estate's interest in the Property is of inconsequential value and benefit to the estate. *In re Christian*, 12.4 IBCR 97, 97-98 (Bankr. D. Idaho 2012); *see also Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350 (3rd Cir. 1999).

Because Angel and Edith have offered no evidence on the critical issue to support abandonment, that is reason enough for the Court to deny their motion. Though, realistically, the legal title held by the bankruptcy estate in the Property is of questionable value, the Court need not, indeed may not, speculate about what that value may be to determine whether abandonment is appropriate under § 554(b).

## *Conclusion*

Because Angel and Edith have not satisfied their burden of showing that the estate's interest in the Property is of inconsequential value and

MEMORANDUM OF DECISION – 11

benefit to the estate, their motion for abandonment will be denied.

A separate order will be entered.[8]

Dated: November 21, 2014

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[8] Though the Court denies the motion on the merits, it is also evident from the record that Angel and Edith's motion did not satisfy the notice requirements under L.B.R. 6007.1, which provides: "A motion by a party in interest under 11 U.S.C. § 554(b) for an order requiring a trustee to abandon property of the estate shall be noticed to creditors and parties in interest in accord with the requirements of Fed. R. Bankr. P. 6007(a)." Here, it appears that only the U.S. Trustee, Trustee and his attorney were served with the amended motion or the hearing notice. Dkt. Nos. 88, 89. The failure to properly serve the motion constitutes an alternative basis to deny it.

MEMORANDUM OF DECISION – 12